# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8675 | **DATE** | 6/27/2003 |
| **CASE TITLE** | Nick Episcopo vs. General Motors Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Memorandum Opinion and Order entered. Defendant's Motion for Sanctions against Plaintiff or, in the alternative, to Compel Discovery [#10] is hereby **granted in part and denied in part.** Status hearing set for **7/16/03** remains in effect. AK

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | JUN 30 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | 16 |
| | Mail AO 450 form. | 6/27/2003 | |
| ✓ | Copy to judge/magistrate judge. | date mailed notice | |
| FT/ *plm* | courtroom deputy's initials | 03 JUN 27 PM 1:58 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | FT mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICK EPISCOPO, ) Case No. 02 C 8675
 )
    Plaintiff, )
 ) Judge Paul E. Plunkett
        v. )
 ) Magistrate Judge
 )  Arlander Keys
 )
 )
GENERAL MOTORS CORPORATION, )
 )
    Defendant. )

**MEMORANDUM OPINION AND ORDER**

In the Complaint herein, Plaintiff, who began work for Defendant in 1969, alleges that, beginning in 1974, Defendant discriminated against him in failing to promote him, treated him differently from other employees, and created a hostile work environment for him because of his national origin (Italian). He also alleges that, after he filed grievances with his union regarding these issues, Defendant retaliated against him in unspecified ways. Finally, Plaintiff alleges that he suffers from a disability, within the meaning of the Americans with Disabilities Act, and that Defendant failed to accommodate his alleged disabilities.

Before the Court is Defendant's Motion for Sanctions, or, in the alternative, to Compel Discovery. This Motion relates to

Plaintiff's responses to discovery after the Court, on May 9, 2003, ordered him to file proper initial disclosures by May 16, 2003. In its Motion of May 29, 2003, Defendant alleges that Plaintiff did not make his initial disclosures until May 27, 2003 and that the disclosures were woefully inadequate. At a hearing on the Motion on June 2, 2003, the Court pointed out to Plaintiff's counsel the many deficiencies in his answers to interrogatories and ordered him to amend his answers by June 9, 2003. At the June 20, 2003 status hearing, Defendant informed the Court that Plaintiff's amended answers were deficient, whereupon Plaintiff's counsel stated that he would stand on his amended answers to the interrogatories.

**Interrogatory Nos. 1, 4, 5, 6, and 9**

Defendant seeks the names, addresses and telephone numbers of individuals whom Plaintiff believes to have information regarding Plaintiff's national origin discrimination, disability discrimination, retaliation claim, and the basis of his claim for punitive damages. In his amended answers to each of the five interrogatories, Plaintiff listed the names of the same 18 current and former employees and supervisors, an employee of the Equal Employment Opportunity Commission ("EEOC") and six physicians. Plaintiff prefaced all of his answers with various objections and reference to documents numbered "1 through 111," which he had earlier produced to Defendant or Defendant had produced to him. As the Court pointed out to Plaintiff's counsel, the references to

numerous documents from which Defendant may discern the answers to interrogatories are not proper responses to the interrogatories. It appears that the documents to which Plaintiff refers were sent to Plaintiff by Defendant pursuant to discovery requests and/or were obtained from the EEOC. Plaintiff has indicated that he might decide to depose many of the 18 current and former employees and supervisors, apparently with no knowledge as to what they might say. The discovery deadline has already passed in this case. As the Court has repeatedly pointed out to Plaintiff's counsel, Defendant is entitled to as much information as he has regarding the identities of his expected witnesses and generally what their testimony will be, so that Defendant can make a decision as to whether to interview or depose them. Plaintiff has failed to do so, and the Court assumes that Plaintiff has no information as to what any potential witnesses--except Plaintiff himself--knows regarding the allegations that he has made in the Complaint. In the event Plaintiff decides to depose any of the identified potential witnesses, Defendant may inquire as to whether and when Plaintiff contacted such individuals and what they said to Plaintiff. If it appears that Plaintiff's Rule 26(a)(1) disclosures were not complete when made, a motion in limine might be appropriate. Proceeding on the assumption that Plaintiff has no further information regarding the knowledge of the individuals whom he has identified in response to Interrogatories 1, 4, 5, 6, and 9,

the Court finds that his amended answers are adequate.

**Interrogatory No. 2**

In Interrogatory No. 2, Defendant seeks Plaintiff's basis for seeking compensatory, statutory and punitive damages in this action. Plaintiff's amended answer to the interrogatory makes clear that he has not given a great deal of thought to his damages calculations, indicating--notwithstanding the statute of limitations problem--that he will seek back pay for Defendant's alleged failure to train and promote him for almost a 30-year period. He will also seek an unspecified amount of damages based on Defendant's alleged failure to accommodate his alleged disability which, he claims, worsened his symptoms. Finally, Plaintiff will seek punitive damages based on malice against him. The amended answer is adequate.

**Interrogatory No. 3**

In Interrogatory No. 3, Defendant seeks knowledge about any and all oral, written or recorded <u>statements</u> that Plaintiff has in his possession from Defendant's current or former employees. Plaintiff objected to this interrogatory on the basis of attorney/client privilege and work product doctrine, but then refers Defendant to the 111 documents that he produced to Defendant in response to Defendant's discovery requests. At oral argument, Plaintiff conceded that he is not invoking privilege as to any documents. The Court assumes that Plaintiff is not aware of the

existence of any such statements, and any such statements, if they exist, will be barred. Based on the assumption that no such statements exist, Plaintiff's answer is sufficient.

**Interrogatory No. 7**

In Interrogatory No. 7, Defendant seeks the identities of and other information regarding medical personnel whom Plaintiff has consulted with or been treated by since 1992. Plaintiff's amended answer to this interrogatory is adequate.

**Interrogatory No. 8**

Plaintiff's amended answer to Interrogatory No. 8, in which he sets forth the case captions and subject matter of all litigation in which he has been a party or witness, is adequate.

**Interrogatory No. 10**

The amended answer is adequate, although it appears that Plaintiff does not intend to call any _expert_ witnesses, only treating physicians, if allowed by the Court in view of the expiration of the discovery deadline.

**Interrogatory No. 11**

Consistent with the Court's observations and rulings with regard to Interrogatory Nos. 1, 4, 5, 6, and 9, no useful purpose would be served by requiring Plaintiff to set forth the documents on which he relied in preparing the answers to the interrogatories. While the objection is improper, it appears that Plaintiff relied on his own testimony and the documents that were produced by

Defendant and /or received from the EEOC.

## Conclusion

While Plaintiff's original answers to most of the interrogatories were inadequate, after being admonished by the Court, his amended answers were adequate. The fact is, however, that Defendant was required to file the instant Motion and to appear before the Court on two occasions in order to achieve compliance. Moreover, Plaintiff's failure to provide clearly relevant information about potential witnesses has prevented Defendant from further investigating and scheduling depositions, and the deadline for completion of discovery--June 16, 2003, which was set by this Court on February 14, 2003--has passed. The Court awards to Defendant its attorneys fees for the appearance before the Court on June 2, 2003.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions against Plaintiff or, in the alternative, to Compel Discovery be, and the same hereby is, **granted in part and denied in part**. Status hearing set for 7/16/03 stands.

Dated: June 27, 2003          E N T E R:

_____
ARLANDER KEYS
United States Magistrate Judge